# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:                                          Case No. 10-12481

Grace Adams,                                               HONORABLE ARTHUR J. TARNOW
                                                          SENIOR UNITED STATES DISTRICT
Debtor.                                                   JUDGE


### ORDER DISMISSING APPEAL

Now before the Court is an appeal of Bankruptcy Judge Walter Shapero's June 9, 2010 order dismissing the Chapter 13 case.

Pursuant to Judge Friedman's order of September 20, 2010 [5], this matter will be determined on the briefs.[1]

This Court "is bound by the bankruptcy court's findings of fact unless they are clearly erroneous" and "reviews the bankruptcy court's legal conclusions de novo."  *See In re: Baite*, 995 F.2d 85, 88 (6th Cir. 1993).

As a preliminary matter, the debtor was ordered on October 15, 2010 [6] to show cause why this matter should not be dismissed for failure to prosecute.  On October 26, 2010, she filed a response [7] that indicated that she believed her brief on appeal was filed at the time she filed her Notice of Appeal.  Included as part of the show-cause response is a brief on appeal.

This Court declines to dismiss this matter for failure to prosecute and instead will consider the merits of the arguments raised in the debtor's brief on appeal.[2]

_____

[1] This matter was reassigned to this Court on February 15, 2011 [8].

[2] As part of her appeal, the debtor asks this Court to correct and note testimony that was allegedly omitted from the transcript of the May 17, 2010 bankruptcy hearing.  However, the debtor offers no basis for this Court to conclude that the transcript is incorrect.  Accordingly, there is no basis for this Court to alter it.

Judge Shapero dismissed the debtor's Chapter 13 case on June 9, 2010 based on the debtor's:

> failure to comply with the terms and condition set forth in the Order Adjourning Hearing entered on or about May 17, 2010 by failing to be 100% on Trustee's records or remit $3,881.49 in certified funds to the Trustee on or before June 2, 2010; the Trustee representing to the court by the presentation of this Order for entry that the debtor is only 21.29% on trustee records and the trustee has not received $3,881.49 in certified funds as of June 8, 2010."

[1].

The debtor first argues that the Bankruptcy Court erred when it dismissed her case because she was allegedly never served with the Court's order by phone or mail and the Trustee did not meet with her as the Court directed.

The debtor's assertions do not cast doubt on the above finding of the Bankruptcy Court dismissing the case. Moreover, even assuming arguendo that the debtor was not mailed a copy of the June 9, 2010 order dismissing the case, this would not warrant reversal, as the debtor ultimately did receive a copy of the order and filed a timely appeal of it on June 23, 2010 in the district court.

The debtor next argues that the Bankruptcy Court erred when it refused to charge creditor U.S. Bank with criminal activity. The debtor also maintains that the Court erred and abused its discretion in declining to adjourn the case and prosecute U.S. Bank, its employees, and counsel.

---

The debtor also asks this Court to consider "newly discovered evidence" as part of the appeal. However, the debtor offers no legal basis for this Court to consider new evidence that was never considered by the bankruptcy court judge. Case law states that offering new evidence on bankruptcy appeals is inappropriate. *See In re: Foust*, 52 F.3d 766, 768 (8th Cir. 1995) (finding that the district court erred in considering additional evidence not included in the bankruptcy record "[b]ecause the district court was sitting as an appellate court reviewing the bankruptcy court's decision..."); *see also In re: Madera*, 586 F.3d 228, 234 (3rd Cir. 2009) (finding that the district court did not err in declining to consider new documentary evidence included with a brief because it was not part of the bankruptcy record); *Rembert v. Citibank South Dakota, N.A.*, 219 B.R. 763, 766 (E.D. Mich. 1996) (in reviewing a bankruptcy court ruling, "[t]he district court may not make its own independent factual findings"). Accordingly, this Court will not consider this new evidence.

According to the debtor, U.S. Bank provided fraudulent testimony to the Court, fabricated documents, and committed mail and wire fraud.  Finally, the debtor argues that the Court erred when it refused to grant the debtor's May 14, 2010 motion for adjournment and dismissed her May 21, 2010 motion for emergency relief.

The Court finds that the debtor's claims lack merit and fail to demonstrate that the Bankruptcy Court erred in dismissing the case.   The debtor offers no grounds warranting reversal.

Accordingly, **IT IS HEREBY ORDERED** that the appeal is **DISMISSED**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated:   March 18, 2011